**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 3 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**ARCARE, INC.**, an Arkansas Corporation,
on behalf of itself and all others similarly situated                                    **PLAINTIFF**

v.                                       CASE NO. *4:17cv147-KGB*

**ALERE, INC. and ALERE HOME MONITORING, INC.**                         **DEFENDANTS**

## DEFENDANTS ALERE, INC. AND ALERE HOME MONITORING, INC.'S NOTICE OF REMOVAL

Defendants Alere, Inc. and Alere Home Monitoring, Inc., by and through the undersigned

counsel, timely file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

removing this action from the Circuit Court of White County, Arkansas, where it is now pending,

to the United States District Court for the Eastern District of Arkansas, Western Division. In

support of this Notice, Defendants state as follows:   This case assigned to District Judge *Baker*

and to Magistrate Judge *Kay*

## ORIGINAL JURISDICTION

1.      Plaintiff, ARcare, Inc., individually and on behalf of a purported class of similarly

situated individuals, filed a complaint on February 3, 2017, in the Circuit Court of White County,

Arkansas, bearing Case No. 73CV-2017-50-1 (the "Removed Action").

2.      On February 9, 2017, Plaintiff served Defendants' registered agent of service with

file-stamped copies of the Complaint in the Removed Action. True and correct copies of the

summons and Complaint served upon Defendants are attached as Exhibits "A" and "B".

3.      In its Complaint, Plaintiff alleges Defendants violated the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq*.

4.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's

asserted federal claim, and this action may therefore be removed to this Court pursuant to

28 U.S.C. § 1441. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 132 S. Ct. 740, 745 (2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA").

## VENUE AND PROCEDURE

5.      Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because the Removed Action is pending in the Circuit Court of White County, Arkansas, which is within the Eastern District of Arkansas, Western Division. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.      This Notice is timely filed.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days of when Defendants were served with Plaintiff's Complaint. Defendants were served with the Removed Action on February 9, 2017, in the care of Defendants' registered agent, The Corporation Service Company.  Thirty days from that date was March 11, 2017, a Saturday.  This Notice has therefore been timely filed on the next business day after March 11, 2017, pursuant to Federal Rule of Civil Procedure 6(a).

7.      Consistent with 28 U.S.C. § 1446(a), Defendants are providing this Notice, which provides the requisite "short and plain statement of the grounds for removal." This Notice has been prepared and signed by an authorized attorney pursuant to Federal Rule of Civil Procedure 11. *Id.*

8.      Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of White County, Arkansas.

9.      In light of the foregoing, removal of this case to the United States District Court for the Eastern District of Arkansas is proper.

10.     Because this Notice of Removal is neither a responsive pleading nor a motion under Federal Rule of Civil Procedure 12, Defendants have not waived the right to assert any applicable defenses merely by removing this action from state court. After removal of a case from state court to a federal district court, the action is governed by the Federal Rules of Civil Procedure. *Nationwide Engineering & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988); Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure 12 provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion. *See* Fed. R. Civ. P. 12(b). Defendants did not file a responsive pleading or a motion asserting defenses in the Circuit Court of White County, Arkansas.

WHEREFORE, Defendants, by counsel, respectfully notify this Court, the state court, and Plaintiff of the removal of this action from the Circuit Court of White County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division.

Dated: March 13, 2017.

Respectfully submitted,

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
cpekron@qgtlaw.com
sdeloach@qgtlaw.com

By: _____
      Chad W. Pekron (2008144)
      Sarah E. DeLoach (2015235)

*Counsel for Defendants Alere Inc. and Alere Home Monitoring, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2017, I served the foregoing Notice of Removal, *via* electronic mail and regular U.S. Mail, upon the following counsel of record:

Randall K. Pulliam
Carney Bates & Pulliam, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
rpulliam@cbplaw.com

*Counsel for Plaintiff*

Chad W. Pekron



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

SLM / ALL
**Transmittal Number: 16225449**
Date Processed: 02/10/2017

| | |
|---|---|
| Primary Contact: | Todd Chiaramida<br>Alere<br>51 Sawyer Road<br>Suite 200<br>Waltham, MA 02453 |
| Electronic copy provided to: | Tim Ayotte<br>Doug Barry |

| | |
|---|---|
| **Entity:** | Alere Inc.<br>Entity ID Number  2520058 |
| **Entity Served:** | Alere, Inc. |
| **Title of Action:** | Arcare, Inc. vs. Alere, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | White County Circuit Court, Arkansas |
| **Case/Reference No:** | 73CV-2017-50-1 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 02/09/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Randall K. Pulliam<br>501-312-8500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT

A

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

### ARCARE, INC. V. ALERE, INC., ET AL.

CASE NO. 73CV-2017-50-1

# SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## ALERE, INC.

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within thirty (30) days after service of this summons on you (not counting the day you received it) – or sixty (60) days if you are incarcerated in any jail, penitentiary or other corrections facility in Arkansas – you must file with the Clerk of this Court a written answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure. If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

The Answer or Motion must also be served on the Plaintiff's attorney, whose name and address are:

**RANDALL K. PULLIAM**
**CARNEY, BATES & PULLIAM, PLLC**
**519 WEST 7TH STREET**
**LITTLE ROCK, ARKANSAS 72201**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:
Address of the Clerk's Office

301 W. Arch
Searcy, AR 72143

CLERK OF THE COURT

Tami King, Circuit Clerk
By _____
Circuit Court of White County

Date _2-6-17_

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

### ARCARE, INC. V. ALERE, INC., ET AL.

No. 73CV-2017-50-1            This Summons is for **ALERE, INC.**

### PROOF OF SERVICE

☐    I personally delivered the *Complaint and Summons* to the individual at _____ [place] on _____ [date]; or

☐    I left the *Complaint and Summons* in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her; or

☐    I left the *Complaint and Summons* at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐    I delivered the *Complaint and Summons* to _____ [name of individual], an agent authorized by appointment or law to receive service summons on behalf of _____ [name of defendant] on _____ [date]; or

☐    I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served the Summons and Complaint on the Defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐    I am the Plaintiff in this lawsuit. I mailed a copy of the Summons and Complaint by First-Class mail to the Defendant together with two copies of a notice and acknowledgement and received the attached notice and acknowledgement form within twenty (20) days after the date of mailing.

☐    Other [specify]: _____

☐    I was unable to execute service because: _____

My fee is $_____

**TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:**

Date: _____          SHERIFF OF _____ COUNTY, _____

By:_____
[Signature of Server]


_____
[Printed name, title and badge number]


**TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF:**

Date: _____          By:_____
[Signature of Server]


_____
[Printed name]

Address: _____

_____

Phone: _____


**Subscribed and sworn before me this date:** _____


_____
[Notary Public]


**My Commission Expires:**

_____


**Additional information regarding service or attempted service:**

_____

_____

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

FILED
FEB 0 3 2017
TAMI KING
WHITE CO.
CIRCUIT CLERK

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

1/1/2017

| County: White | District: 17E | Filing Date: February 2, 2017 |
|---|---|---|
| Judge: Hughes | Division: 1st | Case ID: 73CV-17-50 |

**Type of case (select one that best describes the subject matter)**

**Torts**
- ☐ (NM) Automobile
- ☐ (IT) Intentional
- ☐ (MP) Malpractice – Medical
- ☐ (MO) Malpractice – Other
- ☐ (LP) Premises – Liability
- ☐ (PL) Product Liability
- ☐ (DF) Slander/Libel/ Defamation
- ☐ (OD) Torts – Other

**Contracts**
- ☐ (BP) Buyer Plaintiff
- ☐ (EM) Employment Discrimination
- ☐ (EO) Employment – Other
- ☐ (DO) Seller Plaintiff (Debt Collection)
- ☐ (OC) Contract – Other

**Real Property**
- ☐ (CD) Condemnation/Eminent Domain
- ☐ (UD) Landlord/Tenant Unlawful Detainer
- ☐ (UO) Landlord/Tenant – Other
- ☐ (FC) Mortgage Foreclosure
- ☐ (QT) Real Property – Other

**Miscellaneous Civil**
- ☐ (AP) Administrative Appeal
- ☐ (EL) Election
- ☐ (FV) Foreign Judgment – Civil
- ☐ (FR) Fraud
- ☐ (IJ) Injunction
- ☐ (CF) Property Forfeiture
- ☐ (RF) Register Arkansas Judgment
- ☐ (WT) Writ - Other
- ☒ (OM) Civil – Other

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/ Last Name | Arcare, Inc. | Company/ Last Name | Alere, Inc.; Alere Home Monitoring, Inc. |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes   ☒ No | Self-represented | ☐ Yes   ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language) ☐ No | Interpreter needed? | ☐ Yes: _____ (language) ☐ No |

**Attorney of Record:** Randall K. Pulliam            **Bar #:** 98105

**For the:** ☒ Plaintiff   ☐ Defendant   ☐ Intervenor   **Email Address:** rpulliam@cbplaw.com

**Related Case(s):** Judge: _____            Case ID(s): _____

**Manner of filing (choose one):**   ☒ (MFO) Original        ☐ (MFR+case type) Re-open
                                     ☐ (MFT) Transfer        ☐ (MFF) Reactivate

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                    PLAINTIFF

v.                              CASE NO. 73CV1150

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                              DEFENDANTS

### CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated,

brings this Complaint against Defendant Alere, Inc. and Defendant Alere Home Monitoring, Inc.

(collectively "Defendants") for violations of the federal Telephone Consumer Protection Act.

Plaintiff seeks certification of its claims against Defendants as a class action.  In support,

Plaintiff states as follows:

### INTRODUCTION

1.      This case challenges Defendants' policy and practice of faxing advertisements

without providing an adequate opt-out notice as required by law.

2.      Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here,

the TCPA and its implementing regulations prohibit persons within the United States from

sending advertisements via fax without including a detailed notice that allows recipients to

expeditiously opt out of receiving future solicitations.

3.      Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and

cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time

retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and

sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff

offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Defendants because they do business in Arkansas, including but not limited to sending the junk advertising faxes to Arkansas residents and companies, including Plaintiff ARcare.[1]

7.      Venue in this district is proper because the facility that received unsolicited junk faxes from Defendants is located in White County: Bald Knob Medical Clinic.

## PARTIES

8.      Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

---

[1] Plaintiff originally sought to adjudicate this dispute by filing an action in the federal district court in which Defendant Alere's principal place of business is located – Massachusetts. However, Defendants took the position that Plaintiff does not have Article III standing to remedy the invasion of its statutory rights in a federal court of limited jurisdiction. *See ARcare v. Alere, Inc. et al*, Case No. 1:16-cv-12093, Dkt. No. 18 (D. Mass. Oct. 19, 2016). Consistent with Defendants' position, Plaintiff now files this action in this court of general jurisdiction consistent with Arkansas jurisprudence. *See Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (Ark. 1984) ("the courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct and to give relief at the instance of such persons." quoting 59 Am. Jur. 2d Parties § 26 (1971)); *Chubb Lloyds Ins. Co. v. Miller County Circuit Court*, 2010 Ark. 119, 361 S.W.3d 809, 812 (Ark. 2010) (holding that the issue of standing "'is a question of state law,'" and "'federal cases based on Article III of the U.S. Constitution are not controlling.'" quoting David Newbern & John Watkins, 2 Arkansas Civil Practice and Procedure, § 7-3 at 155 (4th ed. 2006)). As detailed in this Complaint, Plaintiff's statutory rights under the TCPA have been invaded by Defendants' acts of transmitting unsolicited junk faxes without the required opt-out notice; accordingly, Plaintiff has standing to adjudicate this action in Arkansas state court.

2

9.      Defendant Alere, Inc. is a company that is a global diagnostic device and service provider. It has its principal place of business in Waltham, Massachusetts, and is organized under the laws of Delaware.

10.     Defendant Alere Home Monitoring, Inc. is a company that provides home anticoagulation monitoring services and related products. It has its principal place of business in California, and is organized under the laws of Delaware.

## FACTS

11.     During the Class Period, Defendants sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax advertises Defendants' home INR monitoring program. The fax informs the recipient that "Our home INR monitoring program makes managing warfarin **simple** and **convenient** for you and your patients."(emphasis in original). The fax implores the recipient to receive further information about the service: "**Call us at 877.262.4669, option 4** to provide your Verbal Order and a representative will explain next steps. Alere Home Monitoring takes care of the rest." (emphasis in the original). A copy of this facsimile is attached hereto and marked as Exhibit A.

12.     Exhibit A is an exemplary of the junk faxes Defendants send.

13.     Upon information and belief, Plaintiff has received multiple fax advertisements from Defendants similar to Exhibit A.

14.     Defendants also sent two other faxes advertising their home INR monitoring program during the Class Period. These faxes have been attached as Exhibit B.

15.     Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

3

16.     Defendants' faxes do not contain opt-out notices that comply with the requirements of the TCPA.

## CLASS ALLEGATIONS

17.     In accordance with Ark. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that (1) promoted the commercial availability or quality of property, goods or services offered by "Alere" and (2) did not state on the first page that the fax recipient may make a request to the sender not to send any future ads and that the sender's failure to comply, within 30 days, with such a request is unlawful.

18.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

19.     Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

20.     <u>Numerosity [Ark. R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

21.     <u>Commonality [Ark. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

        a.      Whether Defendants sent faxes promoting the commercial availability or quality of property, goods, or services;

4

b.      The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as <u>Exhibit A</u> and <u>Exhibit B</u> to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

c.      Whether Defendants faxed advertisements without first obtaining the recipient's express permission or invitation;

d.      Whether Defendants' advertisements contained the opt-out notices required by the law;

e.      Whether Defendants sent fax advertisements knowingly or willfully;

f.      Whether Defendants violated 47 U.S.C. § 227;

g.      Whether Plaintiff and the other Class members are entitled to statutory damages;

h.      Whether the Court should award trebled damages; and

i.      Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

22.    <u>Typicality [Ark. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements without adequate opt-out notices from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

23.    <u>Fair and Adequate Representation [Ark. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24.    <u>Predominance and Superiority [Ark. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)    Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b)    Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)    Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)    The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)    This case is inherently well-suited to class treatment in that:

(i)    Defendants identified persons or entities to receive their fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii)    Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

(iii)   Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv)   A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v)   A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi)   As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

25.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.     The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

27.     The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

7

28.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

29.     Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

30.     Defendants faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

31.     Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about their services and products;

8

(b) that Defendants faxes did not contain a compliant opt-out notice; and (c) that Exhibit A and Exhibit B are advertisements.

32.     Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

33.     In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)      Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b)      Declare Defendants' conduct to be unlawful under the TCPA;

c)      Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d)      Enjoin Defendants from additional violations;

e)      Award Plaintiff and the Class their attorney's fees and costs;

f)      Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: February 2, 2017          Respectfully submitted,

By:    */s/ Randall K. Pulliam*

Randall K. Pulliam
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

08/09/2016 9:22 AM     Alere     15017243305     1



Alere Home Monitoring, Inc
6465 National Drive
Livermore, CA 94550
Office: 1 877 262.4669
Fax:1 925 606.6978
alerecoag.com



Dear Health Care Provider:

For over 15 years, Alere Home Monitoring has offered a variety of medical devices for Patient Self-Testing. Today, our Patient Self-testers use the Roche CoaguChek® XS meter – the same easy-to-use meter technology that healthcare professionals trust to give fast, accurate INR test results in office.

You are receiving this letter because a voluntary withdrawal has been issued for one of the home INR meters we offered in the past. Details regarding the voluntary withdrawal are available at www.inr-care.com. We are not aware of any patients that you have currently using the device subject to the voluntary withdrawal. Please contact us if this is not the case.

**The Roche CoaguChek® XS is not impacted by the voluntary withdrawal and Alere Home Monitoring is not making any change to our services**. Patients may continue to use the Roche CoaguChek® XS meter as prescribed by their physician.

Our home INR monitoring program makes managing warfarin **simple** and **convenient** for you and your patients, plus it is **proven** to improve results for patients on anticoagulation therapy.[1]

Enrolling patients is easy: **Call us at 877.262.4669, option 4** to provide your Verbal Order and a representative will explain next steps. Alere Home Monitoring takes care of the rest. We will verify insurance coverage, advise the patient of any potential out-of-pocket cost, and arrange for their Face-2-Face® training on the meter.

Please call us today with any questions. Knowing now matters.™

Regards,

Alere Home Monitoring, Inc.

Confidential Notice: The information contained in this facsimile transmission is privileged and confidential, intended for the use of the addressee listed on the cover page. The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken in reliance on the contents of these documents is strictly prohibited (Federal Regulation 42CFR, Part 2 and 45CFR, Part 160).

1. Am J Manag Care. 2014;20(3):202-209.

© 2016 Alere. All rights reserved. The Alere Logo, Alere, Face-2-Face, and Knowing now matters are trademarks of the Alere group of companies. CoaguChek is a trademark of Roche Diagnostics GmbH.




Exhibit A

# CONTRACT ANNOUNCEMENT

## Alere Home Monitoring, Inc.



We are pleased to announce **UnitedHealthcare** is now contracted with Alere Home Monitoring for the provision of INR home monitoring services.

**UnitedHealthcare** members who meet medical coverage criteria may qualify for PT/INR self-testing services of the Alere™ Home INR Monitoring program.

To refer a patient, please call 1.877.262.4669 or fax to 925.606.6978.

  Alere Home Monitoring, Inc.
PTINR.com®

© 2016 Alere. All rights reserved. The Alere Logo, Alere and PTINR.com are trademarks of the Alere group of companies.

## Exhibit B

# Alere™ Home INR Monitoring *Physician Form*

## 1. PATIENT INFORMATION

First Name, M.I., Last Name _____    Date of Birth _____

Patient Phone Number(s) _____ / _____    Patient Email _____

☐ Additional Patient information attached

Warfarin Start Date:

_____ / _____ / _____
Month          Day          Year

### 2. TARGET INR RANGE _____ LOW _____ TO _____ HIGH _____

Alere Home Monitoring, Inc. will receive test results directly from patient and Fax ALL Results and Call for All Values <1.5 and >5.0 until Physician Office Preferences are on file. Patient will communicate INR test results based on Physician Office Preferences.

## 3. PHYSICIAN INFORMATION

Prescribing Physician Name _____    NPI # _____

Address (Prescribing Physician) _____

Group Practice or Hospital Name (Prescribing Physician) _____    Prescribing Office phone _____    Office fax _____

Managing Physician, Practice or Clinic Name _____    Managing Office phone _____    Office fax _____

### INR MONITORING SYSTEM

Patient will be provided an INR Meter and strips approved for home use. Available meters do not have approval for pediatric use.

### 5. TEST FREQUENCY

☐ Weekly*
*Medicare will cover up to 52 tests per year
☐ 2-4 Times Per Month

### 6. TRAINING PREFERENCE

☐ Face-2-Face® Training arranged by Alere Home Monitoring
☐ My staff will train the patient
(requires current Training Service Agreement)
☐ Physician confirms that this patient has received training on the prescribed monitor and home INR testing

Physician can determine Office Preferences for Monitor type, *Reporting Instructions* and *Training Preference* with an Alere Home Monitoring Sales Representative.

### 4. DIAGNOSIS* (check up to four)

| ICD-10-CM CODE | Description |
|---|---|
| ☐ Z95.2 | Presence of Prosthetic Heart Valve |
| ☐ I48.2 | Chronic atrial fibrillation |
| ☐ I48.0 | Paroxysmal atrial fibrillation |
| ☐ I82.501 | Chronic, unspecified VTE in deep veins of right lower extremity |
| ☐ I82.502 | Chronic, unspecified VTE in deep veins of left lower extremity |
| ☐ I82.503 | Chronic, unspecified VTE in deep veins lower extremity bilateral |
| ☐ Z86.718 | Personal History of other venous thrombosis and embolism |
| ☐ I26.99 | Other Pulmonary Embolism without acute cor pulmonale |
| ☐ D68.51 | Activated protein C resistance, primary |
| ☐ Z79.01 | Long term (current) use of anticoagulants |

Other: _____

_____    _____

_____    _____

## 7. STATEMENT OF MEDICAL NECESSITY/ PRESCRIPTION

This form serves as an order for Home INR Monitoring equipment, supplies, and related services. Equipment and supplies may be provided by either Alere or its third party vendors. Incomplete items will revert to Physician Office Preferences.

**ITEMS PRESCRIBED:** One (1) Home INR Monitoring System, and related testing materials (i.e. Test Strips and Lancets).

I certify that it is medically necessary for the patient to self-test frequently in order to maintain a stable INR, optimize its therapeutic effects and avoid the complications identified on warfarin's product labeling.    **DURATION:** Patient shall continue Home INR Monitoring as prescribed for as long as he/she remains capable and compliant with my instructions, but in no case for less than one year, unless otherwise noted. ☐ Other.

**Medical Necessity:** I further certify that the patient's medical record contains supporting documentation to substantiate this medical need. I certify that this patient has been on warfarin therapy for >90 days. I certify that the patient will undergo a training program which include the Face-2-Face® training protocols to ensure that he/she is capable of self-testing. The patient or their caregiver has no condition that makes self-testing unsafe (e.g. cognitive disorders). I agree to notify Alere if the patient or their caregiver develops a condition that makes self-testing unsafe.

## 8. PHYSICIAN SIGNATURE: (In compliance with CMS Pub. 100-08, Transmittal 327, Section 5898.3. Stamped Signatures are not acceptable.)

( _____ )          Date ( _____ )

### FAX COMPLETED FORM AND PATIENT INFORMATION TO 1.925.606.6978

Alere Home Monitoring, Inc. • 6465 National Drive • Livermore, CA 94550 • Phone 1.877.262.4669 • ptinr.com
Submit your prescription electronically with e-Prescribe at alerecoag.com

**Alere** Knowing now matters:

A/C # _____

*Listed codes from CMS Manual System PUB 100-20 Medicare Claims Processing. Coverage determination is based on specific health plan guidelines.
© 2016 Alere. All rights reserved. The Alere Logo, Alere, Face-2-Face and Knowing now matters are trademarks of the Alere group of companies.
All trademarks referenced are trademarks of their respective owners. PN:1611091-08 3/16

UH1606

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                                     PLAINTIFF

v.                                   CASE NO. _____

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                                          DEFENDANTS

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, pursuant to Rules 26 and 33 of the Arkansas Rules of Civil Procedure, requests that Defendants provide answers to the following Interrogatories within 45 days of service to the undersigned counsel, or at such other time and place and in such manner as the parties may mutually agree.

### INSTRUCTIONS

1.      These requests are to be responded to separately and fully, in writing, within 45 days of the date of service.

2.      You are to produce all requested documents and things in your possession, custody or control. If you object to any request, specify the part to which you object, state your objection(s), state all factual and legal justifications which support your objection(s), and respond to the remainder of the request to which you do not object.

3.      If any document(s) requested was, but is no longer, in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom; or (d) otherwise disposed of and, in each such instance, explain the circumstances surrounding an authorization for such disposition and the approximate date thereof.

4.      Each request for production shall be construed to include information and documents within your knowledge, possession or control as of the date of your responses to these

1

requests for production and any supplemental information and documents responsive to these requests generated, obtained or discovered after the date of your original responses.

5.     You are required to promptly supplement your responses to these requests throughout the duration of this action.

6.     Pursuant to Arkansas Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the documents you produce so as to indicate the request or requests to which they respond.

7.     If you contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each document withheld and, as to each, state (a) the type of document (e.g., letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the document request or requests to which the document relates.

8.     All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

## TIME FRAME OF REQUESTS

1.     Unless otherwise stated, the time period covered by these requests is June 1, 2012 to the present.

## DEFINITIONS

1.     You," "Your" and/or "Defendants" means and refers to the above-named Defendants, including their current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

2.     "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Ark. R. Civ. P. 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

3.     "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

4.     As used herein, the words "pertaining to," "regarding," or "reflecting" shall mean: relating to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

3

5.      Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

6.      "Electronic Information" means and refers to all data, reports, and documents. It includes, but is not limited to, the equivalent information to the electronic information previously produced by You in this litigation.

7.      "Advertisement" means any material advertising the commercial availability or quality of any property, goods, or services.

8.      "Opt-Out Notice" means a statement within a facsimile informing the recipient that it may make a request to the sender of the facsimile advertisement not to send any future advertisements to a telephone facsimile machine or machines and that the sender's failure to comply within 30 days of receiving such a request is unlawful.

9.      "Expressly Invited" and/or "Expressly Granted Permission" means the manner in which the recipient of a facsimile(s) affirmatively conveyed to the sender of the facsimile(s) its desire to receive such facsimile(s).

## INTERROGATORIES

**INTERROGATORY No. 1:**

Identify the means by which you purport ARcare, Inc. provided express invitation or permission to receive the faxes attached to the Complaint.

**INTERROGATORY No. 2**

Identify the means by which other recipients of Your faxes provided express invitation or permission to receive the faxes attached to the Complaint.

**INTERROGATORY No. 3**

4

Identify any entity or individual with whom You have consulted regarding compliance with the Telephone Consumer Protection Act.

**INTERROGATORY No. 4**

Identify any entity or individual from whom you acquired the fax numbers to which Your faxes were sent.

**INTERROGATORY No. 5**

Identify the total amount of fax numbers to which you have sent the document identified as Exhibit A to the Complaint since June 1, 2012

**INTERROGATORY No. 6**

Identify the total amount of fax numbers to which you have sent the documents identified as Exhibit B to the Complaint since June 1, 2012.

**INTERROGATORY No. 7**

Identify the total amount of fax numbers to which you have sent faxes since June 1, 2012.

**INTERROGATORY No. 8**

Identify the total amount of fax numbers to which you have sent Advertisement faxes since June 1, 2016.

DATED: February 6, 2017.

Respectfully submitted,

By: _____

Joseph Henry (Hank) Bates
hbates@cbplaw.com
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via hand delivery this 6th day of February, 2017, upon:

Alere, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

Alere Home Monitoring, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

_____
Joseph Henry (Hank) Bates

6

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                              PLAINTIFF

v.                              CASE NO. _____

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                                       DEFENDANTS

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff, pursuant to Rules 26 and 34 of the Arkansas Rules of Civil Procedure, requests

that Defendants produce the documents and things described herein for inspection and copying in

accordance with Rules 26 and 34.

### INSTRUCTIONS

1.      These requests are to be responded to separately and fully, in writing, within 45

days of the date of service.

2.      You are to produce all requested documents and things in your possession, custody

or control.  If you object to any request, specify the part to which you object, state your

objection(s), state all factual and legal justifications which support your objection(s), and respond

to the remainder of the request to which you do not object.

3.      If any document(s) requested was, but is no longer, in existence, state whether it is:

(a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so,

to whom; or (d) otherwise disposed of and, in each such instance, explain the circumstances

surrounding an authorization for such disposition and the approximate date thereof.

4.      Each request for production shall be construed to include information and

documents within your knowledge, possession or control as of the date of your responses to these

1

requests for production and any supplemental information and documents responsive to these requests generated, obtained or discovered after the date of your original responses.

5.    You are required to promptly supplement your responses to these requests throughout the duration of this action.

6.    Pursuant to Arkansas Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the documents you produce so as to indicate the request or requests to which they respond.

7.    If you contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each document withheld and, as to each, state (a) the type of document (e.g., letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the document request or requests to which the document relates.

8.    All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

### TIME FRAME OF REQUESTS

1.    Unless otherwise stated, the time period covered by these requests is June 1, 2012 to the present.

### DEFINITIONS

1.    "You," "Your" and/or "Defendants" means and refers to the above-named Defendants, including their current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

2

2.      "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Ark. Civ. P. 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

3.      As used herein, the words "pertaining to," "regarding," or "reflecting" shall mean: relating to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

4.      Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

3

5.     "Electronic Information" means and refers to all data, reports, and documents. It includes, but is not limited to, the equivalent information to the electronic information previously produced by You in this litigation.

6.     "Advertisement" means any material advertising the commercial availability or quality of any property, goods, or services.

7.     "Opt-Out Notice" means a statement within a facsimile informing the recipient that it may make a request to the sender of the facsimile advertisement not to send any future advertisements to a telephone facsimile machine or machines and that the sender's failure to comply within 30 days of receiving such a request is unlawful.

8.     "Expressly Invited" and/or "Expressly Granted Permission" means the manner in which the recipient of a facsimile(s) affirmatively conveyed to the sender of the facsimile(s) its desire to receive such facsimile(s)

9.     "Your Faxes" means the faxes described and requested in Requests for Production No 1 through 4.

## REQUESTS FOR PRODUCTION

### REQUEST No. 1:

Copies of all faxes that You sent or that were sent on Your behalf.

### REQUEST No. 2:

Copies of all fax Advertisements that You sent or that were sent on Your behalf.

### REQUEST No. 3:

Copies of all faxes the same or substantially the same as the fax attached as Exhibit A to the Complaint that You sent or that were sent on Your behalf.

### REQUEST No. 4:

4

Copies of all faxes the same or substantially the same as the faxes attached as Exhibit B to the Complaint that You sent or that were sent on Your behalf.

**REQUEST No. 5:**

All Documents evidencing the fax numbers to which each of Your Faxes was sent.

**REQUEST No. 6:**

All Documents evidencing to the time and date each of Your Faxes was sent by You or on Your behalf.

**REQUEST No. 7:**

All Documents relating to the means and methods by which You acquired the fax numbers to which each of Your Faxes were sent.

**REQUEST No. 8:**

All Documents relating to any Agreement between You and a third party to have the third party send faxes on Your behalf.

**REQUEST No. 9:**

All Documents relating to any Communications between You and a third party to have the third party send faxes on Your behalf.

**REQUEST No. 10:**

All Documents You purport evidence Persons who expressly invited or expressly granted permission to receive Your Faxes.

**REQUEST No. 11:**

All Documents You purport evidence that any of Your Faxes were solicited by the recipients.

**REQUEST No. 12:**

5

All Documents relating to any policies or practices used by You or any person employed or contracted by You to ensure that recipients of Your Faxes expressly invited or expressly granted permission to receive any of Your Faxes.

**REQUEST No. 13:**

All Documents relating to any of Your policies or practices regarding the inclusion of Opt-Out Notices on Your Faxes.

**REQUEST No. 14:**

All Documents related to recipients who expressed a desire to no longer receive Faxes from you.

**REQUEST No. 15:**

All Documents relating to any policies or practices used by You or any person employed or contracted by You (1) to determine if a recipient expressed a desire to no longer receive Faxes from you and (2) to ensure that the request is honored.

**REQUEST No. 16:**

All Documents produced by You in other litigation against You relating to alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**REQUEST No. 17:**

All Documents produced by You to the Federal Communications Commission relating to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

DATED: February 6, 2017                    Respectfully submitted,

                                           By: _____
                                               Joseph Henry (Hank) Bates
                                               hbates@cbplaw.com
                                               Randall K. Pulliam, Esq.
                                               rpulliam@cbplaw.com
                                               **CARNEY BATES & PULLIAM, PLLC**
                                               519 West 7th Street
                                               Little Rock, Arkansas 72201
                                               Telephone:  (501) 312-8500
                                               Facsimile:  (501) 312-8505


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via hand delivery this 6th day of February, 2017, upon:

Alere, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

Alere Home Monitoring, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

_____
Joseph Henry (Hank) Bates

7

**CERTIFIED MAIL**





UNITED STATES POSTAGE
02 1P        $ 007.71⁰
0001786466   FEB 06  2017
MAILED FROM ZIP CODE 72201

02 1P        $ 000.50⁰
0001786466   FEB 06  2017
MAILED FROM ZIP CODE 72201

7005 1820 0001 4126 2203

**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, AR 72201

ALERE, INC.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE 19808



# CSC.
## CORPORATION SERVICE COMPANY

# Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 16225429**
**Date Processed: 02/10/2017**

| | |
|---|---|
| **Primary Contact:** | Todd Chiaramida<br>Alere<br>51 Sawyer Road<br>Suite 200<br>Waltham, MA 02453 |
| **Electronic copy provided to:** | Doug Barry<br>Tim Ayotte |

| | |
|---|---|
| **Entity:** | Alere Home Monitoring, Inc.<br>Entity ID Number  2895713 |
| **Entity Served:** | Alere Home Monitoring, Inc. |
| **Title of Action:** | Arcare, Inc vs. Alere, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | White County Circuit Court, Arkansas |
| **Case/Reference No:** | 73CV-2017-50-1 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 02/09/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Randall K. Pulliam<br>501-312-8500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



**EXHIBIT**
**B**

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

### ARCARE, INC. V. ALERE, INC., ET AL.

CASE NO. 73CV-2017-50-1

# SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## ALERE HOME MONITORING, INC.

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within thirty (30) days after service of this summons on you (not counting the day you received it) – or sixty (60) days if you are incarcerated in any jail, penitentiary or other corrections facility in Arkansas – you must file with the Clerk of this Court a written answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure. If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

The Answer or Motion must also be served on the Plaintiff's attorney, whose name and address are:

**RANDALL K. PULLIAM**
**CARNEY, BATES & PULLIAM, PLLC**
**519 WEST 7TH STREET**
**LITTLE ROCK, ARKANSAS 72201**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:
Address of the Clerk's Office

301 W. Arch
Searcy, AR 72143

CLERK OF THE COURT

Tami King, Circuit Clerk
By _Margaret Yoque DC_
Circuit Court of White County

Date _2-6-17_

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

### ARCARE, INC. V. ALERE, INC., ET AL.

No. 73CV-2017-50-1                  This Summons is for **ALERE HOME MONITORING, INC.**

### PROOF OF SERVICE

☐   I personally delivered the *Complaint and Summons* to the individual at
_____ [place] on _____ [date]; or

☐   I left the *Complaint and Summons* in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the *Complaint and Summons* at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at
least 14 years of age who resides there, on _____ [date]; or

☐   I delivered the *Complaint and Summons* to _____ [name of individual], an
agent authorized by appointment or law to receive service summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐   I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served the
Summons and Complaint on the Defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐   I am the Plaintiff in this lawsuit.  I mailed a copy of the Summons and Complaint by First-Class
mail to the Defendant together with two copies of a notice and acknowledgement and received
the attached notice and acknowledgement form within twenty (20) days after the date of
mailing.

☐   Other [specify]: _____

☐   I was unable to execute service because: _____

My fee is $_____

**TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:**

Date: _____                    SHERIFF OF _____ COUNTY, _____

                                         By: _____
                                         [Signature of Server]

                                         _____
                                         [Printed name, title and badge number]

**TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF:**

Date: _____                    By: _____
                                         [Signature of Server]

                                         _____
                                         [Printed name]

Address: _____
         _____

Phone: _____

**Subscribed and sworn before me this date:** _____

                                         _____
                                         [Notary Public]

**My Commission Expires:**

_____

**Additional information regarding service or attempted service:**

_____

_____

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

**FILED**
**FEB 0 3 2017**
TAMI KING
WHITE CO.
CIRCUIT CLERK

| | | |
|---|---|---|
| County: __White__ | District: __17E__ | Filing Date: __February 2, 2017__ |
| Judge: __Hughes__ | Division: __1st__ | Case ID: __73CV-17-3__ |

**Type of case (select one that best describes the subject matter)**

| Torts | Real Property | Miscellaneous Civil |
|---|---|---|
| □ (NM) Automobile | □ (CD) Condemnation/Eminent Domain | □ (AP) Administrative Appeal |
| □ (IT) Intentional | | □ (EL) Election |
| □ (MP) Malpractice – Medical | □ (UD) Landlord/Tenant Unlawful Detainer | □ (FV) Foreign Judgment – Civil |
| □ (MO) Malpractice – Other | | □ (FR) Fraud |
| □ (LP) Premises – Liability | □ (UO) Landlord/Tenant – Other | □ (IJ) Injunction |
| □ (PL) Product Liability | | □ (CF) Property Forfeiture |
| □ (DF) Slander/Libel/ Defamation | □ (FC) Mortgage Foreclosure | □ (RF) Register Arkansas Judgment |
| □ (OD) Torts – Other | □ (QT) Real Property – Other | □ (WT) Writ - Other |
| **Contracts** | | ⊠ (OM) Civil – Other |
| □ (BP) Buyer Plaintiff | | |
| □ (EM) Employment Discrimination | | |
| □ (EO) Employment – Other | | |
| □ (DO) Seller Plaintiff (Debt Collection) | | |
| □ (OC) Contract – Other | | |

| **Plaintiff** | | **Defendant** | |
|---|---|---|---|
| Company/ Last Name | Arcare, Inc. | Company/ Last Name | Alere, Inc.; Alere Home Monitoring, Inc. |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | □ Yes   ⊠ No | Self-represented | □ Yes   □ No |
| DOB | | DOB | |
| Interpreter needed? | □ Yes: _____  □ No    (language) | Interpreter needed? | □ Yes: _____  □ No    (language) |

Attorney of Record:__Randall K. Pulliam__   Bar #: __98105__
For the: ⊠ Plaintiff   □ Defendant   □ Intervenor   Email Address: __rpulliam@cbplaw.com__
Related Case(s): Judge: _____   Case ID(s): _____
Manner of filing (choose one):   ⊠ (MFO) Original   □ (MFR+case type) Re-open
   □ (MFT) Transfer   □ (MFF) Reactivate

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                      PLAINTIFF

v.                                CASE NO. 73CV/150

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                                 DEFENDANTS

### CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated,

brings this Complaint against Defendant Alere, Inc. and Defendant Alere Home Monitoring, Inc.

(collectively "Defendants") for violations of the federal Telephone Consumer Protection Act.

Plaintiff seeks certification of its claims against Defendants as a class action.   In support,

Plaintiff states as follows:

### INTRODUCTION

1.       This case challenges Defendants' policy and practice of faxing advertisements

without providing an adequate opt-out notice as required by law.

2.       Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here,

the TCPA and its implementing regulations prohibit persons within the United States from

sending advertisements via fax without including a detailed notice that allows recipients to

expeditiously opt out of receiving future solicitations.

3.       Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and

cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time

retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and

sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff

1

offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Defendants because they do business in Arkansas, including but not limited to sending the junk advertising faxes to Arkansas residents and companies, including Plaintiff ARcare.[1]

7.      Venue in this district is proper because the facility that received unsolicited junk faxes from Defendants is located in White County: Bald Knob Medical Clinic.

## PARTIES

8.      Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

---

[1] Plaintiff originally sought to adjudicate this dispute by filing an action in the federal district court in which Defendant Alere's principal place of business is located – Massachusetts. However, Defendants took the position that Plaintiff does not have Article III standing to remedy the invasion of its statutory rights in a federal court of limited jurisdiction. *See ARcare v. Alere, Inc. et al*, Case No. 1:16-cv-12093, Dkt. No. 18 (D. Mass. Oct. 19, 2016). Consistent with Defendants' position, Plaintiff now files this action in this court of general jurisdiction consistent with Arkansas jurisprudence. *See Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (Ark. 1984) ("the courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct and to give relief at the instance of such persons." quoting 59 Am. Jur. 2d Parties § 26 (1971)); *Chubb Lloyds Ins. Co. v. Miller County Circuit Court*, 2010 Ark. 119, 361 S.W.3d 809, 812 (Ark. 2010) (holding that the issue of standing "'is a question of state law,'" and "'federal cases based on Article III of the U.S. Constitution are not controlling.'" quoting David Newbern & John Watkins, 2 Arkansas Civil Practice and Procedure, § 7-3 at 155 (4th ed. 2006)). As detailed in this Complaint, Plaintiff's statutory rights under the TCPA have been invaded by Defendants' acts of transmitting unsolicited junk faxes without the required opt-out notice; accordingly, Plaintiff has standing to adjudicate this action in Arkansas state court.

9.      Defendant Alere, Inc. is a company that is a global diagnostic device and service provider. It has its principal place of business in Waltham, Massachusetts, and is organized under the laws of Delaware.

10.     Defendant Alere Home Monitoring, Inc. is a company that provides home anticoagulation monitoring services and related products. It has its principal place of business in California, and is organized under the laws of Delaware.

## FACTS

11.     During the Class Period, Defendants sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax advertises Defendants' home INR monitoring program. The fax informs the recipient that "Our home INR monitoring program makes managing warfarin **simple** and **convenient** for you and your patients."(emphasis in original). The fax implores the recipient to receive further information about the service: "**Call us at 877.262.4669, option 4** to provide your Verbal Order and a representative will explain next steps. Alere Home Monitoring takes care of the rest." (emphasis in the original). A copy of this facsimile is attached hereto and marked as Exhibit A.

12.     Exhibit A is an exemplary of the junk faxes Defendants send.

13.     Upon information and belief, Plaintiff has received multiple fax advertisements from Defendants similar to Exhibit A.

14.     Defendants also sent two other faxes advertising their home INR monitoring program during the Class Period. These faxes have been attached as Exhibit B.

15.     Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

3

16.     Defendants' faxes do not contain opt-out notices that comply with the requirements of the TCPA.

## CLASS ALLEGATIONS

17.     In accordance with Ark. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that (1) promoted the commercial availability or quality of property, goods or services offered by "Alere" and (2) did not state on the first page that the fax recipient may make a request to the sender not to send any future ads and that the sender's failure to comply, within 30 days, with such a request is unlawful.

18.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

19.     Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

20.     <u>Numerosity [Ark. R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

21.     <u>Commonality [Ark. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

a.      Whether Defendants sent faxes promoting the commercial availability or quality of property, goods, or services;

4

b.    The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as <u>Exhibit A</u> and <u>Exhibit B</u> to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

c.    Whether Defendants faxed advertisements without first obtaining the recipient's express permission or invitation;

d.    Whether Defendants' advertisements contained the opt-out notices required by the law;

e.    Whether Defendants sent fax advertisements knowingly or willfully;

f.    Whether Defendants violated 47 U.S.C. § 227;

g.    Whether Plaintiff and the other Class members are entitled to statutory damages;

h.    Whether the Court should award trebled damages; and

i.    Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

22.    <u>Typicality [Ark. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements without adequate opt-out notices from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

23.    <u>Fair and Adequate Representation [Ark. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24.     <u>Predominance and Superiority [Ark. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a)  Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b)  Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

    (c)  Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

    (d)  The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e)  This case is inherently well-suited to class treatment in that:

        (i)  Defendants identified persons or entities to receive their fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

        (ii)  Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

6

(iii)  Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv)  A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v)  A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi)  As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

25.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.    The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

27.    The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

7

28.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

29.     Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

30.     Defendants faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

31.     Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about their services and products;

8

(b) that Defendants faxes did not contain a compliant opt-out notice; and (c) that Exhibit A and Exhibit B are advertisements.

32.    Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

33.    In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

**REQUEST FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)    Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b)    Declare Defendants' conduct to be unlawful under the TCPA;

c)    Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d)    Enjoin Defendants from additional violations;

e)    Award Plaintiff and the Class their attorney's fees and costs;

f)    Grant such other legal and equitable relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: February 2, 2017        Respectfully submitted,

9

By:     _/s/ Randall K. Pulliam_____

Randall K. Pulliam
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

08/09/2016 9:22 AM          Alere                    15017243305                                        1



Alere Home Monitoring, Inc.
6465 National Drive
Livermore, CA 94550
Office: 1 877 282.4669
Fax: 1 925 608 6978
alerecoag.com



Dear Health Care Provider:

For over 15 years, Alere Home Monitoring has offered a variety of medical devices for Patient Self-Testing. Today, our Patient Self-testers use the Roche CoaguChek® XS meter – the same easy-to-use meter technology that healthcare professionals trust to give fast, accurate INR test results in office.

You are receiving this letter because a voluntary withdrawal has been issued for one of the home INR meters we offered in the past. Details regarding the voluntary withdrawal are available at www.inr-care.com. We are not aware of any patients that you have currently using the device subject to the voluntary withdrawal. Please contact us if this is not the case.

**The Roche CoaguChek® XS is not impacted by the voluntary withdrawal and Alere Home Monitoring is not making any change to our services.** Patients may continue to use the Roche CoaguChek® XS meter as prescribed by their physician.

Our home INR monitoring program makes managing warfarin **simple** and **convenient** for you and your patients, plus it is **proven** to improve results for patients on anticoagulation therapy.[1]

Enrolling patients is easy: **Call us at 877.262.4669, option 4** to provide your Verbal Order and a representative will explain next steps. Alere Home Monitoring takes care of the rest. We will verify insurance coverage, advise the patient of any potential out-of-pocket cost, and arrange for their Face-2-Face® training on the meter.

Please call us today with any questions. Knowing now matters.™

Regards,

Alere Home Monitoring, Inc.



Confidential Notice: The information contained in this facsimile transmission is privileged and confidential, intended for the use of the addressee listed on this cover page. The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken in reliance on the contents of these documents is strictly prohibited (Federal Regulation 42CFR, Part 2 and 45CFR, Part 160).

1. Am J Manag Care. 2014;20(3):202-209.

© 2016 Alere. All rights reserved. The Alere Logo, Alere, Face-2-Face, and Knowing now matters are trade marks of the Alere group of companies. CoaguChek is a trademark of Roche Diagnostics GmbH, etc. 5-1104, 07 03/15



Exhibit A

# CONTRACT ANNOUNCEMENT

## Alere Home Monitoring, Inc.



We are pleased to announce **UnitedHealthcare** is now contracted with
Alere Home Monitoring for the provision of INR home monitoring
services.

**UnitedHealthcare** members who meet medical coverage criteria may
qualify for PT/INR self-testing services of the Alere™ Home INR
Monitoring program.

To refer a patient, please call 1.877.262.4669 or fax to 925.606.6978.



Alere Home Monitoring, Inc.
PTINR.com®

© 2016 Alere. All rights reserved. The Alere Logo, Alere and PTINR.com are trademarks of the Alere group of companies.

Exhibit B

06/02/2016 5:58 PM          United Healthcare          15017243305                              2

# Alere™ Home INR Monitoring *Physician Form*

## 1. PATIENT INFORMATION

First Name, M.I., Last Name

Date of Birth

Patient Phone Number(s)          /          /

Patient Email

☐ Additional Patient information attached

Warfarin Start Date:

_____ / _____ / _____
Month      Day      Year

### 2. TARGET INR RANGE          LOW          TO          HIGH

Alere Home Monitoring, Inc. will receive test results directly from patient and Fax ALL Results and Call for Al   Values <1.5 and >5.0 until Physician Of ce Preferences are on file. Patient will communicate INR test results based on Physical Office Preferences.

## 3. PHYSICIAN INFORMATION

Prescribing Physician Name

NPI #

Address (Prescribing Physician)

Group Practice or Hospital Name (Prescribing Physician)

Prescribing Office phone          Office fax

Managing Physician, Practice or Clinic Name

Managing Office phone          Office fax

### INR MONITORING SYSTEM

Patient will be provided an INR Meter and strips approved for home use.  Available meters do not have approval for pediatric use.

### 5. TEST FREQUENCY

☐ Weekly
  *Medicare will cover up to 52 tests per year
☐ 2-4 Times Per Month

### 6. TRAINING PREFERENCE

☐ Face-2-Face® Training arranged by Alere Home Monitoring
☐ My staff will train the patient
  (requires current Training Service Agreement)
☐ Physician confirms that this patient has received
  training on the prescribed monitor and home INR testing

Physician can determine Office Preferences for Monitor Type, *Reporting Instructions* and *Training Preference* with an Alere Home Monitoring Sales Representative.

### 4. DIAGNOSIS* (check up to four)

| ICD-10-CM CODE | Description |
|---|---|
| ☐ Z95.2 | Presence of Prosthetic Heart Valve |
| ☐ I48.2 | Chronic atrial fibrillation |
| ☐ I48.0 | Paroxysmal atrial fibrillation |
| ☐ I82.501 | Chronic, unspecified VTE in deep veins of right lower extremity |
| ☐ I82.502 | Chronic, unspecified VTE in deep veins of left lower extremity |
| ☐ I82.503 | Chronic, unspecified VTE in deep veins lower extremity bilateral |
| ☐ Z86.718 | Personal History of other venous thrombosis and embolism |
| ☐ I26.99 | Other Pulmonary Embolism without acute cor pulmonale |
| ☐ D68.51 | Activated protein C resistance, primary |
| ☐ Z79.01 | Long term (current) use of anticoagulants |

Other:

## 7. STATEMENT OF MEDICAL NECESSITY/ PRESCRIPTION

This form serves as an order for Home INR Monitoring equipment, supplies, and related services. Equipment and supplies may be provided by either Alere or its third party vendors. Incomplete items will revert to Physician Office Preferences.

**ITEMS PRESCRIBED:** One (1) Home INR Monitoring System, and related testing materials (i.e. Test Strips and Lancets).

**DURATION:** Patient shall continue Home INR Monitoring as prescribed for as long as he/she remains capable and compliant with my instructions,but in no case for less than one year, unless otherwise noted. ☐ Other.

**Medical Necessity:** I further certify that the patient's medical record contains supporting documentation to substantiate this medical need. I certify that this patient has been on warfarin therapy for >90 days. I certify that the patient will undergo a training program which include the Face-2-Face® training protocols to ensure that he/she is capable of self-testing. The patient or their caregiver has no condition that makes self-testing unsafe (e.g. cognitive disorders). I agree to notify Alere if the patient or their caregiver develops a condition that makes self-testing unsafe.

## 8. PHYSICIAN SIGNATURE: (In compliance with CMS Pub. 100-08, Transmittal 327, Section 8806.3. Stamped Signatures are not acceptable.)

Date

### FAX COMPLETED FORM AND PATIENT INFORMATION TO 1.925.606.6978
Alere Home Monitoring, Inc. • 6465 National Drive • Livermore, CA 94550 • Phone 1.877.232.4669 • ptinr.com
Submit your prescription electronically with e-Prescribe at alerecoag.com

Alere "Knowing now matters."

A/C #

*Listed codes from CMS Manual System PUB 100-20 Medicare Claims Processing. Coverage determination is based on specific health plan guidelines.
© 2016 Alere. All rights reserved. The Alere Logo, Alere, Face-2-Face and Knowing now matters are trademarks of the Alere group of companies.
All trademarks referenced are trademarks of their respective owners. PN:1611091-08 3/16

UH1606

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                          PLAINTIFF

v.                                  CASE NO. _____

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                                     DEFENDANTS

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, pursuant to Rules 26 and 33 of the Arkansas Rules of Civil Procedure, requests

that Defendants provide answers to the following Interrogatories within 45 days of service to the

undersigned counsel, or at such other time and place and in such manner as the parties may

mutually agree.

### INSTRUCTIONS

1.      These requests are to be responded to separately and fully, in writing, within 45

days of the date of service.

2.      You are to produce all requested documents and things in your possession, custody

or control. If you object to any request, specify the part to which you object, state your objection(s),

state all factual and legal justifications which support your objection(s), and respond to the

remainder of the request to which you do not object.

3.      If any document(s) requested was, but is no longer, in existence, state whether it is:

(a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so,

to whom; or (d) otherwise disposed of and, in each such instance, explain the circumstances

surrounding an authorization for such disposition and the approximate date thereof.

4.      Each request for production shall be construed to include information and

documents within your knowledge, possession or control as of the date of your responses to these

1

requests for production and any supplemental information and documents responsive to these requests generated, obtained or discovered after the date of your original responses.

5.      You are required to promptly supplement your responses to these requests throughout the duration of this action.

6.      Pursuant to Arkansas Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the documents you produce so as to indicate the request or requests to which they respond.

7.      If you contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each document withheld and, as to each, state (a) the type of document (e.g., letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the document request or requests to which the document relates.

8.      All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

## TIME FRAME OF REQUESTS

1.      Unless otherwise stated, the time period covered by these requests is June 1, 2012 to the present.

## DEFINITIONS

1.      You," "Your" and/or "Defendants" means and refers to the above-named Defendants, including their current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

2

2.   "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Ark. R. Civ. P. 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

3.     "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

4.     As used herein, the words "pertaining to," "regarding," or "reflecting" shall mean: relating to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

3

5.      Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

6.      "Electronic Information" means and refers to all data, reports, and documents. It includes, but is not limited to, the equivalent information to the electronic information previously produced by You in this litigation.

7.      "Advertisement" means any material advertising the commercial availability or quality of any property, goods, or services.

8.      "Opt-Out Notice" means a statement within a facsimile informing the recipient that it may make a request to the sender of the facsimile advertisement not to send any future advertisements to a telephone facsimile machine or machines and that the sender's failure to comply within 30 days of receiving such a request is unlawful.

9.      "Expressly Invited" and/or "Expressly Granted Permission" means the manner in which the recipient of a facsimile(s) affirmatively conveyed to the sender of the facsimile(s) its desire to receive such facsimile(s).

## INTERROGATORIES

**INTERROGATORY No. 1:**

Identify the means by which you purport ARcare, Inc. provided express invitation or permission to receive the faxes attached to the Complaint.

**INTERROGATORY No. 2**

Identify the means by which other recipients of Your faxes provided express invitation or permission to receive the faxes attached to the Complaint.

**INTERROGATORY No. 3**

4

Identify any entity or individual with whom You have consulted regarding compliance with the Telephone Consumer Protection Act.

**INTERROGATORY No. 4**

Identify any entity or individual from whom you acquired the fax numbers to which Your faxes were sent.

**INTERROGATORY No. 5**

Identify the total amount of fax numbers to which you have sent the document identified as Exhibit A to the Complaint since June 1, 2012

**INTERROGATORY No. 6**

Identify the total amount of fax numbers to which you have sent the documents identified as Exhibit B to the Complaint since June 1, 2012.

**INTERROGATORY No. 7**

Identify the total amount of fax numbers to which you have sent faxes since June 1, 2012.

**INTERROGATORY No. 8**

Identify the total amount of fax numbers to which you have sent Advertisement faxes since June 1, 2016.

DATED: February 6, 2017

Respectfully submitted,

By: _____

Joseph Henry (Hank) Bates
hbates@cbplaw.com
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via hand delivery this 6th day of February, 2017, upon:

Alere, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

Alere Home Monitoring, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

_____
Joseph Henry (Hank) Bates

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS

ARCARE, INC.                                                                    PLAINTIFF

v.                              CASE NO. _____

ALERE, INC.;
ALERE HOME
MONITORING, INC.                                                               DEFENDANTS

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff, pursuant to Rules 26 and 34 of the Arkansas Rules of Civil Procedure, requests

that Defendants produce the documents and things described herein for inspection and copying in

accordance with Rules 26 and 34.

### INSTRUCTIONS

1.      These requests are to be responded to separately and fully, in writing, within 45

days of the date of service.

2.      You are to produce all requested documents and things in your possession, custody

or control.  If you object to any request, specify the part to which you object, state your

objection(s), state all factual and legal justifications which support your objection(s), and respond

to the remainder of the request to which you do not object.

3.      If any document(s) requested was, but is no longer, in existence, state whether it is:

(a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so,

to whom; or (d) otherwise disposed of and, in each such instance, explain the circumstances

surrounding an authorization for such disposition and the approximate date thereof.

4.      Each request for production shall be construed to include information and

documents within your knowledge, possession or control as of the date of your responses to these

1

requests for production and any supplemental information and documents responsive to these requests generated, obtained or discovered after the date of your original responses.

5.    You are required to promptly supplement your responses to these requests throughout the duration of this action.

6.    Pursuant to Arkansas Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the documents you produce so as to indicate the request or requests to which they respond.

7.    If you contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each document withheld and, as to each, state (a) the type of document (e.g., letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the document request or requests to which the document relates.

8.    All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

## TIME FRAME OF REQUESTS

1.    Unless otherwise stated, the time period covered by these requests is June 1, 2012 to the present.

## DEFINITIONS

1.    "You," "Your" and/or "Defendants" means and refers to the above-named Defendants, including their current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities.

2

2.      "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Ark. Civ. P. 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

3.      As used herein, the words "pertaining to," "regarding," or "reflecting" shall mean: relating to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

4.      Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

5.     "Electronic Information" means and refers to all data, reports, and documents. It includes, but is not limited to, the equivalent information to the electronic information previously produced by You in this litigation.

6.     "Advertisement" means any material advertising the commercial availability or quality of any property, goods, or services.

7.     "Opt-Out Notice" means a statement within a facsimile informing the recipient that it may make a request to the sender of the facsimile advertisement not to send any future advertisements to a telephone facsimile machine or machines and that the sender's failure to comply within 30 days of receiving such a request is unlawful.

8.     "Expressly Invited" and/or "Expressly Granted Permission" means the manner in which the recipient of a facsimile(s) affirmatively conveyed to the sender of the facsimile(s) its desire to receive such facsimile(s)

9.     "Your Faxes" means the faxes described and requested in Requests for Production No 1 through 4.

## REQUESTS FOR PRODUCTION

### REQUEST No. 1:

Copies of all faxes that You sent or that were sent on Your behalf.

### REQUEST No. 2:

Copies of all fax Advertisements that You sent or that were sent on Your behalf.

### REQUEST No. 3:

Copies of all faxes the same or substantially the same as the fax attached as Exhibit A to the Complaint that You sent or that were sent on Your behalf.

### REQUEST No. 4:

4

Copies of all faxes the same or substantially the same as the faxes attached as Exhibit B to the Complaint that You sent or that were sent on Your behalf.

**REQUEST No. 5:**

All Documents evidencing the fax numbers to which each of Your Faxes was sent.

**REQUEST No. 6:**

All Documents evidencing to the time and date each of Your Faxes was sent by You or on Your behalf.

**REQUEST No. 7:**

All Documents relating to the means and methods by which You acquired the fax numbers to which each of Your Faxes were sent.

**REQUEST No. 8:**

All Documents relating to any Agreement between You and a third party to have the third party send faxes on Your behalf.

**REQUEST No. 9:**

All Documents relating to any Communications between You and a third party to have the third party send faxes on Your behalf.

**REQUEST No. 10:**

All Documents You purport evidence Persons who expressly invited or expressly granted permission to receive Your Faxes.

**REQUEST No. 11:**

All Documents You purport evidence that any of Your Faxes were solicited by the recipients.

**REQUEST No. 12:**

5

All Documents relating to any policies or practices used by You or any person employed or contracted by You to ensure that recipients of Your Faxes expressly invited or expressly granted permission to receive any of Your Faxes.

### REQUEST No. 13:

All Documents relating to any of Your policies or practices regarding the inclusion of Opt-Out Notices on Your Faxes.

### REQUEST No. 14:

All Documents related to recipients who expressed a desire to no longer receive Faxes from you.

### REQUEST No. 15:

All Documents relating to any policies or practices used by You or any person employed or contracted by You (1) to determine if a recipient expressed a desire to no longer receive Faxes from you and (2) to ensure that the request is honored.

### REQUEST No. 16:

All Documents produced by You in other litigation against You relating to alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

### REQUEST No. 17:

All Documents produced by You to the Federal Communications Commission relating to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

DATED: February 6, 2017

Respectfully submitted,

By: _____

Joseph Henry (Hank) Bates
hbates@cbplaw.com
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via hand delivery this 6th day of February, 2017, upon:

Alere, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

Alere Home Monitoring, Inc.
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

_____

Joseph Henry (Hank) Bates

**CERTIFIED MAIL**



7005 1820 0001 4126 3156



US POSTAGE PITNEY BOWES
02 1P     $ 007.71⁰
0001786466  FEB 06  2017
MAILED FROM ZIP CODE 72201

02 1P     $ 000.50⁰
0001786466  FEB 06  2017
MAILED FROM ZIP CODE 72201

**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, AR 72201

**ALERE HOME MONITORING, INC.**
c/o Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE 19808