**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ARCARE, INC, on Behalf of**
**Itself and Others Similarly Situated**                                                                      **PLAINTIFF**

v.                              Case No. 4:17-cv-00147-KGB

**ALERE, INC. and ALERE HOME**
**MONITORING, INC.**                                                                                          **DEFENDANTS**

## ORDER

Before the Court is plaintiff ARcare Inc.'s motion to remand and for payment of just costs and attorney's fees (Dkt. No. 4). Defendants Alere Inc., and Alere Home Monitoring, Inc. (collectively "Alere") filed a response in opposition to the motion to remand (Dkt. No. 14). ARcare Inc., ("ARcare") then filed a reply to Alere's response to the motion to remand (Dkt. No. 16). Also pending before the Court is Alere's motion to dismiss ARcare's complaint (Dkt. No. 8). For the reasons set forth herein, the Court denies ARcare's motion to remand and for payment of just costs and attorney's fees (Dkt. No. 4). Alere's motion to dismiss plaintiff's complaint remains pending (Dkt. No. 8).

**I.  Background**

On March 13, 2017, ARcare moved to remand this action stating, "[g]iven that ARcare cannot establish that this Court has jurisdiction over this matter, this Court must remand the case back to state court under 28 U.S.C. § 1447" (Dkt. No. 4, ¶ 6).[1] ARcare further asserted that Alere

---

[1] ARcare's concerns are misplaced. In a removal action, the removing defendant bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence, not the plaintiff. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).

could not meet its burden of establishing jurisdiction due to a motion to dismiss in a prior proceeding (*Id.*, ¶ 7).[2]

Alere responded in opposition to plaintiff's motion to remand (Dkt. No. 14). Alere asserted that neither party disputed the Court's original jurisdiction over the action as ARcare's only claim arose under federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Alere also refuted ARcare's claim that Alere was barred from removal based on its arguments in a prior action. In fact, Alere asserted that ARcare had Article III standing to assert its claim. Alere supported its assertion of Article III standing by citing to appellate decisions from 2015—2017, which hold that bare statutory violations of the TCPA are enough to confer Article III standing.

ARcare filed a reply in which ARcare essentially withdrew its initial motion for remand upon the Court's determination that it has subject matter jurisdiction (Dkt. No. 16). ARcare also withdrew its request for fees and costs.

The Court first addresses ARcare's assertion that Alere is unable to remove based on Alere's motion to dismiss submitted in *ARcare v. Alere I*. ARcare essentially attempts to invoke issue preclusion over an issue that was never litigated or decided. This argument is meritless. Accordingly, the only issue remaining for the Court is whether it has original jurisdiction over the removed action. The Court must decide this issue, despite the parties' apparent reconciliation on the issue, as "[t]he cases are legion holding that a party may not waive a defect in subject-matter

---

[2] This prior proceeding commenced on October 19, 2016, when ARcare filed a complaint against Alere in the United States District Court for the District of Massachusetts ("*ARcare v. Alere I*") (*Id.*, ¶ 1). *See ARcare v. Alere, Ind.,* Case No. 1:16-cv-12093 (D. Mass. Jan. 27, 2017). Alere subsequently filed a motion to dismiss the complaint for a lack of Article III jurisdiction (*Id.*. ¶ 2). ARcare voluntarily dismissed *ARcare v. Alere I* prior to the litigation and resolution of the Article III issue and re-filed the case in the White County Circuit Court in White County, Arkansas (*Id.* at ¶ 3). *See Arcare, Inc., v. Alere Inc; et al,* Case No. 73-cv-2017-50-1. Alere filed its notice of removal, removing the case to this Court, on March 13, 2017 (Dkt. No. 1).

jurisdiction or invoke federal jurisdiction simply by consent." *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 25 (1989).

## II.     Standard for Removal

A defendant may remove a state law claim to federal court only if the action originally could have been filed there. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Accordingly, the removing defendant bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction should be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. However, a district court has no discretion to remand a claim that states a federal question. *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir. 1996). Whether or not a federal question exists is determined by the "well-pleaded complaint rule," which requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction. *Id.*

Here, Alere has alleged that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Dkt. No. 1, ¶ 4). ARcare's complaint alleges that Alere faxed unsolicited advertisements to ARcare that did not have compliant opt out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4) (Dkt. No. 2, ¶ 30). ARcare further alleges that Alere's unsolicited faxes caused actual damage to ARcare and class members by consuming paper, toner, and ink, as well as time that could have been spent on ARcare and class members' business activities (Dkt. No. 2, ¶ 32). ARcare pleads sufficient facts to invoke federal question jurisdiction. Accordingly, the only issue remaining is whether ARcare has Article III standing.

3

### III. Article III Standing

Article III limits the "judicial power" to "cases" and "controversies." *Mausolf v. Babbitt,* 85 F.3d 1295, 1300 (8th Cir. 1996); *See* USCS Const. Art. III, § 2, Cl 1. In order to have standing, a litigant must have suffered an injury in fact, there must be a causal connection between the injury and alleged conduct, and the injury must be redressable by the case at hand. *Id*. at 1301. An injury in fact is one that is "an 'invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . .'" *Id.* (*citing Lujan v. Defenders of Wildfire,* 504 U.S. 555, 560 (1992)). An injury must be concrete, even in the context of a statutory violation. *Spokeo v. Robbins,* 136 S. Ct. 1540, 1549 (2016) (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement").

In cases involving the TCPA, some courts have held that a violation of the TCPA is a concrete, *de facto* injury. The Ninth Circuit Court of Appeals has stated that "[u]nsolicited. . . messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.,* 847 F.3d 1037, 1043 (9th Cir. 2017). The Sixth and Eleventh Circuit Courts of Appeal agree. *IMHOFF Inv, L.L.C v. Alfoccino, Inc.*, 792 F.3d 627, 633-34 (6th Cir. 2015) ("'the specific injury targeted by the TCPA is the sending of the fax and resulting occupation of the recipient's telephone line and fax machine, not that the fax was actually printed or read,' and that the plaintiff 'has Article III standing sufficient to satisfy the injury requirement because it has suffered a concrete and personalized injury in the form of the occupation of its fax machine for the period of time required for the electronic transmission of the data (which, in this case was one minute).'") (*quoting Palm Beach Golf Center-*

*Boca, Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1250 (11th Cir. 2015)). Moreover, while not reaching the exact issue of standing, the Eighth Circuit Court of Appeals has noted that the TCPA promotes an "interest in seclusion, as it [] keeps telephone lines from being tied up and avoids consumption of the recipients' ink and paper." *Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814, 820 (8th Cir. 2012).

Here, ARcare has alleged that it has received three different unsolicited fax advertisements (Dkt. No. 2, ¶ 11). ARcare further states that these messages caused "wear and tear" to its "ink and paper facsimile machine," caused ARcare to lose the "paper, toner, and ink consumed in the printing of Defendants' faxes," and impeded ARcare's business by preventing its machine from "receiving and sending authorized faxes" (Dkt. No. 2, ¶¶ 3, 7, 11, 32). Considering the prevailing rule of law in the Sixth, Ninth, and Eleventh Circuits, as well as language in Eighth Circuit cases, the Court finds that ARcare has Article III standing to bring this action.

## IV. Conclusion

This Court finds that it does have subject matter jurisdiction and that ARcare has Article III standing to bring this suit. Therefore, the Court denies ARcare's motion to remand and for payment of just costs and attorney's fees (Dkt. No. 4). The Court decides only the issue of remand in this Order; Alere's motion to dismiss plaintiff's complaint remains pending (Dkt. No. 8).

It is so ordered this the 8th day of November 2017.

Kristine G. Baker
United States District Judge

5