# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ARCARE, INC., On Behalf of Itself**
**and All Others Similarly Situated**                                                                       **PLAINTIFF**

**v.**                        **Case No. 4:17-cv-00147-KGB**

**ALERE HOME MONITORING, INC.**                                             **DEFENDANT**

## FINAL APPROVAL ORDER AND JUDGMENT

Before the Court is a motion for final approval of class action settlement (Dkt. No. 71). For the following reasons, the Court grants the motion.

Plaintiff ARcare, Inc., and defendant Alere Home Monitoring, Inc., formerly known as Tapestry Medical, Inc. ("AHM") (collectively referred to as the "Parties"), by their respective counsel, entered into a Class Action Settlement Agreement (the "Settlement") (Dkt. No. 64-1, Ex. A). Plaintiff applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice and distribution as set forth in the Settlement (Dkt. No. 64). The Court entered an order and an amended order preliminarily approving class action Settlement, directing notice, and scheduling final approval hearing (the "Preliminary Approval Order") (Dkt. Nos. 68, 69).

The Court provisionally certified the following class (the "Settlement Class"): Subscribers of facsimile telephone numbers to which there was a successful transmission of one or more facsimiles by or on behalf of any of the Released Parties from January 1, 2013, through November 1, 2019, that related in any way to the business of AHM, and/or any products, goods, or services offered by AHM. The Court also approved the forms of notice of the Settlement to Settlement Class Members, directed that notice of the Settlement be given to Settlement Class Members, and scheduled a hearing on final approval.

In accordance with the Settlement Agreement and the Preliminary Approval Order, Settlement Class Counsel caused the Notice to be disseminated as directed by the Court, giving the best notice practicable under the circumstances (Dkt. Nos. 76, 80). On March 31, 2020, at 9:00 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class (the "Final Approval Hearing") (Dkt. No. 81).

Based upon the foregoing, having heard the statements of Settlement Class Counsel and AHM's Counsel, and of those who appeared at the Final Approval Hearing; having considered all of the files, records and proceedings in the above-captioned action (the "Lawsuit"); having considered the benefits to the Settlement Class under the Settlement and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises, the Court orders as follows:

1. Terms capitalized in this Order and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement (Dkt. No. 64-1, Ex. A).

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Parties.

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiff and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations, with the assistance of a respected and experienced mediator, by the Plaintiff and Settlement Class Counsel, and Defendant and its counsel, and the Settlement Class and Defendant were represented by capable and experienced counsel.

6. The form, content, and method of dissemination of the Notice given to Settlement Class Members—as previously approved by the Court in its Preliminary Approval Order—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and Due Process.

7. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class, and is approved in all respects. The Court hereby directs the Parties and their counsel to effectuate the Settlement according to its terms.

8. The Settlement Agreement provides for monetary benefits to Settlement Class Members Eligible for Cash Payment. The Court approves those benefits and approves the distribution plan for the Settlement Fund as provided in the Settlement Agreement, specifically reserving to the Court only any determination that may be necessary regarding a *cy pres* award (Dkt. No. 64-1, Ex. A, ¶¶ 57–61).

9. The Court finds that there are no objections to the Settlement.

10. The five Settlement Class Members, identified by the Settlement Administrator, who have timely and validly excluded themselves from the Settlement Class are hereby excluded from the Settlement (Dkt. No. 80, ¶ 6). Settlement Class Members who have not excluded themselves shall be bound by the Settlement and the terms of the Settlement Agreement.

11. The Court generally is aware of three late claims, based on the information identified by the Settlement Administrator (*Id.*, ¶ 8). The Parties and their counsel indicated at the Final Approval Hearing an intent to deny the late-filed claims. Courts have repeatedly held that, until the fund created by a class-action settlement is actually distributed, the court retains its traditional equity powers, including the power to allow late-filed proofs of claim and late-cured proofs of claim. *See Zients v. LaMorte*, 459 F.2d 628, 630–31(2d Cir. 1972); *Clark v. Runyon*, 165

F. Supp. 2d 920, 922 (D. Minn. 2001); *In re Cendant Corp. Prides Litig.*, 189 F.R.D. 321, 323 (D.N.J. 1999), *aff'd*, 233 F.3d 188 (3d Cir. 2000); *In re Agent Orange Prod. Liab. Litig.*, 689 F. Supp. 1250, 1262–63 (E.D.N.Y. 1988). The Court reserves a ruling on whether the equities require that the qualifying late claimants be permitted to participate in the Settlement Fund, provided that the issue is timely presented by a Settlement Class Member.

12. The Releasing Parties, each and every one of them, shall be deemed to have, and by operation of the judgment shall have, fully and irrevocably released and discharged the Released Parties from the Released Claims, all as defined in the Settlement Agreement. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effect as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

13. Defendant, by operation of the judgment, shall have fully and irrevocably released and forever discharged the Settlement Class Representative and Settlement Class Counsel from any Claims that have been or could have been asserted in connection with the Lawsuit that arise from or are related to the Claims alleged in the Lawsuit, and any Claims that arise from or related to the filing or prosecution of the Lawsuit.

14. The Releasing Parties, each and every one of them, is hereby permanently barred and enjoined from filing, instituting, prosecuting, or enforcing the Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this

Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

15. The above-captioned Lawsuit is hereby dismissed with prejudice, and each side shall bear his, her, or its own fees and costs.

16. This Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made in the Lawsuit against Defendant or any other Released Party in the Lawsuit or of any wrongdoing by or against Defendant or any other Released Party, nor as a waiver by Defendant or any other Released Party of any right to present evidence, arguments, or defenses, including without limitation to the propriety of class certification, in the Lawsuit or in any other litigation.

17. If the Effective Date does not occur for any reason, the Settlement Agreement shall be rendered null and void *ab initio*, the Settlement and all proceedings had in connection therewith shall be without prejudice, the Parties each shall return all rights, claims, and defenses as existed prior to their execution of the Settlement Agreement and precedent agreement in principle to settle, such that the case shall return to the *status quo ante* in the Lawsuit prior to October 24, 2018, including all rights to oppose certification, and all Orders issued pursuant to the Settlement shall be vacated *nunc pro tunc*.

18. The Parties are hereby authorized, without requiring further approval from the Court, to agree to adopt amendments and modifications to the Settlement Agreement, in writing and signed by or as authorized by the Parties, that are not inconsistent with this Order and that do not limit the rights of Settlement Class Members, including, without limitation, adopting a process to collect Settlement Class Members' W-9 information should the Settlement Administrator determine that such is necessary and required under current Internal Revenue Service rules and

regulations. The Court does not grant this permission to the Parties with respect to any *cy pres* award that may be necessary; the Court specifically reserves and makes subject to Court approval any determination that may be necessary regarding a *cy pres* award (Dkt. No. 64-1, Ex. A, ¶ 61).

19. The Court shall retain jurisdiction over the Parties for purposes of effectuating the administration and enforcement of the Settlement Agreement.

20. This Order is final and appealable, and this Order shall constitute a final judgment for purposes of the Federal Rules of Civil Procedure.

It is so ordered this 7th day of April, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge